UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO MOLINA, *et al.*,

      Plaintiffs,

      v.

OFFICE OF ADMINISTRATIVE HEARINGS, *et al.*,

      Defendants.
_____/

No. C-11-0467 EMC

**ORDER TO SHOW CAUSE**

On July 29, 2011, the Court received a letter and attached documents from Defendant Raymundo F. Reyes, presenting his arguments as to why Plaintiffs' claims against him are without merit. As Mr. Reyes is not represented by counsel and is therefore a pro se litigant, the Court construes Mr. Reyes's letter as an **ANSWER** to Plaintiffs' complaint, and orders the Clerk to file it.

Further, upon review of the complaint in this action, the Court hereby orders Plaintiffs Francisco and Josephine Molina to show cause why this complaint should not be dismissed. The Court is concerned (1) that it may not have jurisdiction to adjudicate this dispute; and (2) that Plaintiffs may have failed to state a claim upon which relief may be granted. The Court details its concerns below.

**I.    JURISDICTION OVER CLAIM AGAINST DEFENDANT REYES**

Federal courts may exercise jurisdiction over a dispute only in two limited circumstances: when there is a federal question (*i.e.*, a claim arising under federal law), *see* 28 U.S.C. § 1331; and when there is diversity jurisdiction (*i.e.*, the parties reside in different states and the amount in

controversy exceeds $75,000), *see* 28 U.S.C. § 1332. "[T]he party seek[ing] to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists." *Allegrino v. State of California*, Nos. C06-05490 MJJ, C07-00301 MJJ, 2007 WL 1450312, at *2 (N.D. Cal. May 14, 2007) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994)).

Here, it appears that the Court does not have diversity jurisdiction, because all parties reside in California. *See* Compl. at 8.

As for federal question jurisdiction, the Court is concerned that there is no federal question with respect to Defendant Reyes. Plaintiffs appear to raise state law tort claims against Mr. Reyes for his allegedly fraudulent and "willful false testimony under oath," *see* Compl. ¶ 2, which do not raise a federal question. Plaintiffs' only federal claim, for alleged due process violations, cannot be raised against Mr. Reyes because he appears to be merely a private party and not a state actor. *See* U.S. Const. Amend. XIV ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law."); 42 U.S.C. § 1983 (prohibiting violation of rights under color of law). Therefore, Plaintiffs are ordered to show cause why his complaint should not be dismissed as against Mr. Reyes for lack of federal jurisdiction.

## II. FAILURE TO STATE A CLAIM AS TO OTHER DEFENDANTS

The Court is concerned that the complaint fails to state viable claims against the other defendants. "Federal Rule of Civil Procedure 8(a)(2) requires a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)). Hence, the Court need not assume unstated facts, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense."); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Under *Twombly*, a plaintiff (or counterclaimant) must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted). In sum, if the facts alleged foster a reasonable inference of liability - stronger than a mere possibility - the claim survives; if they do not, the claim must be dismissed. *See Iqbal*, 129 S. Ct. at 1949-50.

Plaintiffs name the Office of Administrative Hearings, Administrative Judge Schneider, and Deputy Attorney General Phillips as defendants in this action. However, the Court is concerned that Plaintiffs have failed to state a claim against these Defendants. Plaintiffs state broadly that they violated Mr. Molina's due process rights, but fails to allege facts that would support such a claim. *See, e.g.*, *Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001) ("A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.") (internal quotation marks omitted); *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.") (internal quotations omitted); *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 65 (9th Cir. 1994) ("In order to establish [] a substantive due process claim [for deprivation of a right to engage in the occupation of one's choice], Appellants must show, first, that they are unable to pursue an occupation in the . . . business, and, second, that this inability is due to actions

3

that substantively were clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.") (internal quotations omitted).

Plaintiffs provide only vague factual details as to what occurred during the administrative hearing before Judge Schneider and what conduct on the part of Judge Schneider and/or Deputy Attorney General Phillips gives rise to his cause of action. Mr. Molina refers to alleged misrepresentations in factual findings, Compl. ¶ 7, and apparent contradictions in testimony, Compl. ¶ 8-11, but fails to explain the nature of these contradictions, how they affected the judge's decision, and more importantly how they give rise to a constitutional claim. Plaintiffs appear to assert a constitutional violation merely on the basis that Judge Schneider ruled against Mr. Molina. Mr. Molina fails to present facts that would indicate a failure to follow any procedures which amounts to a constitutional violation.

Similarly, Plaintiffs fail to allege any failure on the part of OAH to provide for adequate process.

As against Deputy Attorney General Phillips, it is unclear from the complaint what her role was in the proceedings against Mr. Molina and on what basis he alleges any cause of action against her. He refers to six hours of a witness examination apparently conducted by Ms. Phillips and during which he may have had inadequate opportunity to cross-examine a witness, Compl. ¶¶ 9-10, but the Court cannot discern the nature of her conduct or how her conduct gives rise to a constitutional violation.

Moreover, it is unclear whether any of Defendants would be able to provide the relief Mr. Molina seeks, as it appears that it was the Board of Professional Engineers and Land Surveyors ("Board") and its officials that issued the decision adopting Judge Schneider's recommendation to revoke Mr. Molina's license and impose penalties. *See* Compl. at 16 (Decision of the Board).[1]

Plaintiffs also cite to 28 U.S.C. § 1655, a statute regarding lien enforcement, but fails to explain how that statute could be relevant to his claims. *See* Compl. ¶ 6. Mr. Molina refers to cases

---

[1] Indeed, a letter from OAH on December 8, 2010, indicates that OAH and Judge Schneider no longer had jurisdiction in Mr. Molina's case once Judge Schneider issued her proposed decision to the Board. *See* Compl. at 15.

4

discussing fraud on the court, but those cases apply Rule 60(b) of the Federal Rules of Civil Procedure, which allow a court to reconsider or overturn a prior decision of the same court or, in the case of *In re Intermagnetics*, a prior decision of the bankruptcy court in a case that was transferred to the federal district court. *See In re Intermagnetics America, Inc.*, 926 F.2d 912, 916 (9th Cir. 1991). Here, by contrast, Mr. Molina seeks to challenge a state agency decision in federal court. Rule 60(b) and the cases to which he cites therefore do not apply. Moreover, unlike in *In re Intermagnetics*, here the alleged false statements have not been admitted, nor have Plaintiffs even alleged what statements were false and how those statement affected the outcome of the proceedings against Mr. Molina.

Furthermore, each of these defendants appears to be protected from some, if not all, liability by different forms of immunity. First, "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010); see also *Brooks v. Sulpher Springs Valley Elec. Co-Op*, 951 F.2d 1050, 1053 (9th Cir.1991) ("The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature."); *Cory v. White*, 457 U.S. 85, 91 (1982) ("Thus, the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity."). "OAH is within the California Department of General Services, and provides administrative law judges 'to fill the needs of the various state agencies.'" *J.R. ex rel. W.R. v. Sylvan Union School Dist.*, No. CIV S-06-2136, 2008 WL 682595, at *14 (E.D. Cal. Mar. 10, 2008) (quoting Cal. Govt. Code §§ 11370.2, 11370.3). There is no indication that OAH has waived its immunity to suit. Thus, it appears that OAH would be immune from suit in federal court.[2]

Second, with respect to Judge Schneider, she is entitled to judicial immunity when acting in her official capacity, at least insofar as Mr. Molina seeks monetary damages. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) ("this Court has consistently adhered to the rule that "judges . . . enjoy

---

[2] The Court notes that, absent a showing of waiver, the Board would also be immune from suit in federal court.

5

absolute immunity from damages liability for acts performed in their judicial capacities."). "Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Forrester v. White*, 484 U.S. 219, 225, 227 (1988)). While judicial immunity may not apply to all possible claims against Judge Schneider, as discussed above, it is not clear from Plaintiffs' complaint what conduct Mr. Molina alleges Judge Schneider engaged in, how that conduct deprived him of any rights, and what relief he seeks from her that she could provide. *See Allegrino*, 2007 WL 1450312 at \*4 ("To the extent that Plaintiff is seeking prospective injunctive relief against the Supreme Court Justices for a violation of federal law, such claims may proceed under the Eleventh Amendment.") (citing *Edelman v. Jordan*, 415 U.S. 651, 664 (1974)).

Third, insofar as Ms. Phillips had a prosecutorial role in Mr. Molina's administrative hearing (which is unclear from the face of the complaint), she may be subject to prosecutorial immunity from any claims for damages. *See Allegrino*, 2007 WL 1450312 at \*8; *Khanna v. State Bar of California*, 505 F. Supp. 2d 633, 646 (N.D. Cal. 2007) (state prosecutors have quasi-judicial immunity for any acts in which they perform a prosecutorial function). Again, as noted above, it is unclear what role Ms. Phillips played in the administrative proceedings against Plaintiffs and Plaintiffs' complaint currently provides no basis on which to assert a claim against her.

Finally, the Court notes that Plaintiffs may have other more appropriate avenues of redress in state court. For example, California Government Code section 11523 provides for judicial review in state court of any agency decision "by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency."

Therefore, Plaintiffs are ordered to show cause why their complaint should not be dismissed on the basis of lack of jurisdiction and/or failure to state a claim upon which relief may be granted. Plaintiffs shall have until October 7, 2011, to file a response to this order to show cause. Defendants

shall have until November 4, 2011, to file a reply. Absent further order, the Court will then rule on the parties' submissions without oral argument.

The Court hereby vacates the Case Management Conference previously set for September 23, 2011. Docket No. 15.

Plaintiffs shall serve a copy of this order upon all Defendants no later than September 2, 2011 and shall file a Proof of Service with the Court on the same day that they serve the order on all Defendants. Service shall comply with Federal Rule of Civil Procedure 4.

For Mr. Molina's benefit, the Court directs the parties' attention to the Court's Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://www.cand.uscourts.gov./proselitigants. The parties are also encouraged to contact the Legal Help Center, 450 Golden Gate Avenue, Rom 2786, Telephone No. (415) 782-9000 extension 8657 for free legal advice.

IT IS SO ORDERED.

Dated: August 22, 2011

_____
EDWARD M. CHEN
United States District Judge