UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MOLINA, *et al.*, | No. C-11-0467 EMC |
| Plaintiffs, | |
| v. | **SECOND ORDER TO SHOW CAUSE** |
| OFFICE OF ADMINISTRATIVE HEARINGS, *et al.*, | |
| Defendants. _____/ | |

     On January 31, 2011, Plaintiffs Francisco and Josephine Molina filed a complaint against the Office of Administrative Hearings ("OAH"), Administrative Judge Schneider, Deputy Attorney General Phillips, and Raymundo F. Reyes. The complaint, styled as an "appeal," alleged violations of due process and fraud with respect to a state administrative hearing which apparently resulted in the revocation of Plaintiff Francisco Molina's license from the California Board of Professional Engineers and Land Surveyors. Docket No. 1. On July 29, 2011, the Court received a letter and attached documents from Defendant Reyes, which the Court construed as his answer. The remaining Defendants do not appear to have been served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

     On August 22, 2011, the Court issued an Order to Show Cause why this case should not be dismissed for lack of jurisdiction and failure to state a claim upon which relief may be granted. Docket No. 16. As the Court detailed in that order, it appeared from Plaintiffs' complaint that it failed to state a claim against Defendants because it failed to allege facts that would support a

constitutional due process violation or any other claim. In addition, the Court explained that OAH and Defendants Schneider and Phillips each appeared to be protected by some form of immunity. Specifically, it appears that OAH is entitled to Eleventh Amendment immunity, Defendant Schneider was entitled to judicial immunity, and Defendant Phillips, to the extent she had a prosecutorial role in Mr. Molina's administrative hearing, was protected by quasi-judicial immunity. Moreover, the Court noted that none of the Defendants would be able to provide the relief Mr. Molina seeks, as it appears that it was the Board of Professional Engineers and Land Surveyors ("Board") and its officials that issued the decision adopting Judge Schneider's recommendation to revoke Mr. Molina's license and impose penalties. *See* Compl. at 16 (Decision of the Board).[1] Finally, the Court expressed concern that it lacked jurisdiction to consider Plaintiffs' claims as against Defendant Reyes alone because Plaintiff could not bring constitutional claims against him, and the only remaining claims against Reyes were based on state law.

Plaintiffs have failed to respond to the Court's Order to Show Cause by the Court's deadline of October 7, 2011.

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citing *Hamilton Copper & Steel Corp v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990)). Additionally, a "court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules." *Smith v. Kramer*, No. 1:03-cv-05651-TAG-HC, 2007 WL 2012803, at *1 (E.D. Cal. July 9, 2007) (dismissing action with prejudice for failure to respond to Court order requiring plaintiff to keep court apprised of current address) (citations omitted). In addition, a court may dismiss a claim *sua sponte* for lack of jurisdiction. *See Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). However, "[b]ecause dismissal is a harsh penalty, it should be

---

[1] Indeed, a letter from OAH on December 8, 2010, indicates that OAH and Judge Schneider no longer had jurisdiction in Mr. Molina's case once Judge Schneider issued her proposed decision to the Board. *See* Compl. at 15.

2

imposed as a sanction only in extreme circumstances." *Oliva*, 958 F.2d at 273–74 (citing *Thompson v. Housing Authority*, 782 F.2d 829, 831 (9th Cir. 1986)).

Accordingly, the Court hereby issues a second Order to Show Cause why this case should not be dismissed for lack of jurisdiction and failure to state a claim upon which relief may be granted. For the parties' reference, the Court re-attaches its first Order to Show Cause as an appendix to this Order.

In addition, Plaintiffs are ordered to Show Cause why the complaint should not be dismissed as against Defendants OAH, Schneider, and Phillips for failure to effect service pursuant to Rule 4. Specifically, under Rule 4(*l*) of the Federal Rules of Civil Procedure, Plaintiffs are required to prove service of Defendants to the Court. "Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1). Furthermore, Rule 4(m) provides, in relevant part,

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Since Plaintiffs filed their complaint on January 31, 2011, they were required to serve Defendants OAH, Schneider, and Phillips, and give proof of service to the Court, no later than May 31, 2011.

Plaintiffs shall have until **December 22, 2011**, to file a response to this order to show cause explaining why the case should not be dismissed for lack of jurisdiction and/or failure to state a claim. With respect to service, Plaintiffs are directed to include either a proof of service to Defendants OAH, Schneider, and Phillips or an explanation as to why there is good cause for their failure to serve these Defendants. Defendants shall have until **January 19, 2012**, to file a reply. Absent further order, the Court will then rule on the parties' submissions without oral argument.

The Court warns Plaintiffs that failure to comply with this Order will result in dismissal of the action with prejudice.

///

///

3

Plaintiffs shall serve a copy of this order, including appendices, upon all Defendants no later than December 7, 2011 and shall file a Proof of Service with the Court on the same day that they serve the order on all Defendants.  Service shall comply with Federal Rule of Civil Procedure 4.

For Plaintiffs' benefit, the Court directs the parties' attention to the Court's Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://www.cand.uscourts.gov./proselitigants.

IT IS SO ORDERED.

Dated:  November 23, 2011

_____
EDWARD M. CHEN
United States District Judge