UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MOLINA, *et al.*, | No. C-11-0467 EMC |
| Plaintiffs, | |
| v. | **ORDER DISMISSING COMPLAINT WITH PREJUDICE** |
| OFFICE OF ADMINISTRATIVE HEARINGS, *et al.*, | |
| Defendants. | |
| _____/ | |

      On January 31, 2011, Plaintiffs Francisco and Josephine Molina filed a complaint against the Office of Administrative Hearings ("OAH"), Administrative Judge Schneider, Deputy Attorney General Phillips, and Raymundo F. Reyes. The complaint, styled as an "appeal," alleged violations of due process and fraud with respect to a state administrative hearing which apparently resulted in the revocation of Plaintiff Francisco Molina's license from the California Board of Professional Engineers and Land Surveyors. Docket No. 1. On July 29, 2011, the Court received a letter and attached documents from Defendant Reyes, which the Court construed as his answer. Docket No. 17. The remaining Defendants do not appear to have been served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

      On August 22, 2011, the Court issued an Order to Show Cause why this case should not be dismissed for lack of jurisdiction and failure to state a claim upon which relief may be granted. Docket No. 16. As the Court detailed in that order, it appeared from Plaintiffs' complaint that it failed to state a claim against Defendants because it failed to allege facts that would support a constitutional due process violation or any other claim. *Id.* at 3-5. In addition, the Court explained

that OAH and Defendants Schneider and Phillips each appeared to be protected by some form of immunity. Specifically, it appears that OAH is entitled to Eleventh Amendment immunity, Defendant Schneider was entitled to judicial immunity, and Defendant Phillips, to the extent she had a prosecutorial role in Mr. Molina's administrative hearing, was protected by quasi-judicial immunity. *Id.* at 5-6. Moreover, the Court noted that none of the Defendants would be able to provide the relief Mr. Molina seeks, as it appears that it was the Board of Professional Engineers and Land Surveyors ("Board") and its officials that issued the decision adopting Judge Schneider's recommendation to revoke Mr. Molina's license and impose penalties. *See* Compl. at 16 (Decision of the Board).[1] Finally, the Court expressed concern that it lacked jurisdiction to consider Plaintiffs' claims as against Defendant Reyes alone because Plaintiffs could not bring constitutional claims against him, and the only remaining claims against Reyes were based on state law. *Id.* at 1-2.

After Plaintiffs failed to respond to the Court's Order, the Court issued a Second Order to Show Cause on November 23, 2011. Docket No. 18. The Court reiterated the above concerns regarding jurisdiction and failure to state a claim, and further informed Plaintiffs that they had failed to properly serve and prove service as to any Defendants other than Mr. Reyes in the manner prescribed by Rule 4(*l*) and 4(m). *See* Docket No. 18 at 3. The Court directed Plaintiffs to file a response addressing each of these concerns and instructed them to serve the remaining Defendants.

Plaintiffs filed a timely response to the Second Order to Show Cause on December 22, 2011. Docket No. 19. However, Plaintiffs have failed to satisfy the Court's concerns regarding jurisdiction and their failure to state a claim. Specifically, Plaintiffs' response fails to provide any factual allegations that could be construed to state a cognizable constitutional claim. *See* Docket No. 16 at 3 (describing elements of procedural and substantive due process claims and Plaintiffs' failure to allege facts that would state such a claim). In addition, as the Court has already noted, the Office of Administrative Hearings, Administrative Judge Schneider, and Deputy Attorney General Phillips, are each shielded from liability by Eleventh Amendment, judicial, and prosecutorial immunity

---

[1] Indeed, a letter from OAH on December 8, 2010, indicates that OAH and Judge Schneider no longer had jurisdiction in Mr. Molina's case once Judge Schneider issued her proposed decision to the Board. *See* Compl. at 15.

respectively. *See id.* at 5-6.[2] As against Defendant Reyes, Plaintiffs have failed to demonstrate any basis for the Court to exercise subject matter jurisdiction over their dispute, as Plaintiffs merely raise broad allegations of fraud that lack specificity and fail to raise a federal question. *See id.* at 1-2. Plaintiffs have also failed to comply with the Court's orders that they serve the remaining Defendants and verify service as required by Rule 4.

Accordingly, the Court **DISMISSES** Plaintiff's complaint with prejudice as against all Defendants. *See Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (a court may dismiss *sua sponte* for lack of subject matter jurisdiction); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (holding that court may *sua sponte* dismiss complaint for failure to state a claim if plaintiff receives opportunity to submit written memorandum in opposition); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (a court need not grant leave to amend when amendment would be futile). The Clerk is directed to enter judgment and close the file.

IT IS SO ORDERED.

Dated: April 4, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[2] The Court noted that Ms. Phillips's role is unclear from Plaintiff's allegations; therefore, it is possible that she would not be subject to prosecutorial immunity. *See* Docket No. 16 at 6. Regardless, Plaintiff has failed to state a claim as against her because his allegations are vague and unclear and do not satisfy *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).